**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Marlene Perle, | ) | No. CV-05-2938-PHX-FJM |
| Plaintiff, | ) ) | **ORDER** |
| vs. | ) ) | |
| The Prudential Insurance Company of America, et al., | ) ) ) ) | |
| Defendants. | ) ) | |
| | ) | |

The court has before it plaintiff's "Motion for Judgment Under Rule 52(a)" (doc. 20) and statement of facts (doc. 21), defendants' response (doc. 26), and plaintiff's reply (doc. 27). For the reasons stated below, we deny plaintiff's motion.

Defendant Prudential Insurance Company of America ("Prudential") provides defendant Bank One Corporation's ("Bank One") qualified employees with long-term disability income benefits. Prudential's benefits plan is subject to the provisions of the Employment Retirement Income Security Act ("ERISA"). Plaintiff participated in the Prudential benefits plan while employed by Bank One as a Consumer Loan Representative. Prudential denied plaintiff's July 2003 claim for long-term disability benefits, and also denied appeals of the original denial. Plaintiff brought this action alleging that she became disabled

1  "no later than February 14, 2003" and that she is entitled to the long-term disability benefits
2  Prudential denied her.  Complaint (doc. 1) at 4.

3  In the motion before us, plaintiff seeks "judgment for disability benefits" pursuant to
4  Rule 52(a).  Motion for Judgment at 1.  However, Rule 52, Fed. R. Civ. P. does not entitle
5  plaintiff to pretrial judgment.  Rule 52 governs actions tried without a jury, and requires that
6  in such cases a court "find the facts specially and state separately its conclusions of law."
7  Fed. R. Civ. P. Rule 52(a).  Rule 52(a)'s findings of fact and conclusions of law requirements
8  ensure that an appellate court has an adequate record for review, and that the trial court
9  carefully examines the evidence before it.  See 9 James Wm. Moore et al., Moore's Federal
10 Practice - Civil § 52.02.

11 Defendants assert that plaintiff's Rule 52(a) motion is procedurally defective.  See
12 Response at 3-6.  Plaintiff nevertheless insists that a Rule 52 motion is a proper way to move
13 for pretrial entry of judgment.  See Reply at 1-3.  Yet the authority plaintiff cites merely
14 establishes that (1) summary judgment motions are permitted in ERISA litigation, (2) in such
15 cases, any genuine issue of fact left unresolved by the time of trial must be resolved at trial,
16 (3) an ERISA trial may be had on the administrative record, without testimony taken in open
17 court, and (4) that "in a bench trial on the record, the judge will have to make findings of fact
18 under Federal Rule of Civil Procedure 52(a)."  Kearney v. Standard Ins. Co., 175 F.3d 1084,
19 1094, 1095 (9th Cir. 1999).

20 Plaintiff also alleges that a successful Rule 52 motion entitles it to pretrial entry of
21 judgment because an ERISA trial is a "trial on the papers."  Reply at 2-3.  Although a trial
22 on the administrative record may be considered a "trial on the papers," that fact alone does
23 not render an ERISA case susceptible to pretrial judgment by way of a Rule 52 motion.
24
25 Further, we will not construe plaintiff's motion as a motion for summary judgment,
26 nor will we deem defendants' failure to respond to the substantive arguments in plaintiff's
27 motion a consent to the granting of a motion for summary judgment.  See Reply at 4 (citing
28 LRCiv 7.2(i)).  Plaintiff has argued that Rule 52 permits pretrial entry of judgment.  See


Motion for Judgment at 1; Reply at 1 ("In ERISA cases, a Rule 52 motion is recognized procedure for disposing of cases"); id. at 3 ("A Rule 52 motion is a dispositive motion."); id. at 5 ("Perle's Rule 52 motion is proper."). If plaintiff believed she was entitled to judgment as a matter of law, Rule 56, Fed. R. Civ. P. would have been the appropriate procedure. Defendants were not put on notice that plaintiff was seeking summary judgment.

Our Rule 16 Scheduling Order advises the parties that in addition to filing a Joint Proposed Pretrial Order, each party must submit "Proposed Findings of Fact and Conclusions of Law." See Rule 16 Scheduling Order (doc. 18) at 4-5. We encourage the parties to confer and decide upon a statement of undisputed facts. The Form of Joint Proposed Pretrial Order attached to our Rule 16 Scheduling Order anticipates that they will. See id. at 8. The parties may stipulate to all facts.

**THEREFORE**, it is **ORDERED DENYING** plaintiff's motion for judgment under Rule 52(a) (doc. 20).

DATED this 4th day of April, 2007.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge